UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DIRECTV, INC., a California corporation,

        Plaintiff,

-vs-                         Case No.  5:04-cv-353-Oc-10GRJ

WILLIAM HOLLIDAY,

        Defendant.
_____/

## O R D E R

On August 8, 2005, the Clerk entered default against the Defendant, William Holliday

(Doc. 10).  This case is now before the Court for consideration of the Plaintiff's motion

(Doc. 12) for the entry of default judgment against Defendant Holliday in the amount of

$20,000.00 for statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $850.00

as reasonable attorney fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

The Plaintiff alleges that the Defendant purchased and used "Pirate Access Devices"

designed to enable viewing of its television programming without authorization by or

payment to the Plaintiff in violation of 47 U.S.C. § 605(a) and 18 U.S.C. §§ 2510-2520.[1]

Specifically, the Plaintiff alleges that the Defendant purchased one pirating device on

January 4, 2002, and the Defendant purchased one pirating device on January 31, 2002.

_____

[1]     Despite the Plaintiff's allegations that the Defendant violated 18 U.S.C. §§ 2510-2520, in the Plaintiff's motion for default judgment, the Plaintiff only seeks statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) for the Defendant's violations of 47 U.S.C. § 605(a). See Doc. 13, Plaintiff's Memorandum in Support of Default Final Judgment, pg. 5-6.

The Plaintiff further alleges that the Defendant knew or should have known that the unauthorized interception of its satellite transmissions was and is prohibited and that the device was transported through interstate or foreign commerce.   By virtue of the Defendant's default, these allegations are admitted as true.[2]

The Plaintiff seeks statutory damages in the amount of $10,000.00 for the Defendant's purchase and use of two individual pirating devices for a sum of $20,000.00. Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) an aggrieved party may recover "an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just . . ."  By its terms, § 605(a) is not violated by the mere purchase or possession of a pirating device alone, but by the use of such a device to intercept transmissions.   The purchase or possession of two pirating devices does not, therefore, necessarily translate into two separate violations.   By failing to defend this action, the Defendant has admitted to intercepting the Plaintiff's signals at least once.   Accordingly, the Plaintiff may recover $10,000.00 for one violation of § 605(a).[3]  The Plaintiff is also entitled to recover $850.00 as reasonable attorneys' fees and costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii).

Therefore, upon due consideration, it is ordered that:

---

[2]      Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).

[3]      See DIRECTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1130-31 (M.D. Ala. 2004).  This Court made a similar ruling in Directv, Inc. v. Hutton, Case # 5:04-cv-00038-WTH-GRJ.

(1) the Plaintiff's Motion for Final Default Judgment (Doc. 12) is GRANTED to the extent set forth herein;

(2) judgment by default pursuant to Federal Rule of Civil Procedure 55(b) is GRANTED in favor of the Plaintiff, DIRECTV, Inc., and against the Defendant, William Holliday, in the amount of $10,000.00 as statutory damages and $850.00 as the Plaintiff's reasonable attorney fees and costs; and

(3) the Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 13th day of February, 2006.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record